UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

ALEXIS HART and
JEREMY HART,
on behalf of themselves and
all others similarly situated,

Plaintiff,

v.

WOODMAN'S FOOD MARKET, INC.
2631 Liberty Lane
Janesville, Wisconsin 53545

Defendant

Case No. 26-cv-1855

**COLLECTIVE ACTION COMPLAINT PURSUANT TO 29 U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

---

**COMPLAINT**

---

**PRELIMINARY STATEMENT**

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), by Plaintiffs, Alexis Hart and Jeremy Hart, on behalf of themselves and all other similarly situated current and former hourly-paid, non-exempt employees of Defendant, Woodman's Food Market, Inc., for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2. Defendant operated an unlawful compensation system that deprived and failed to compensate Plaintiffs and all other current and former hourly-paid, non-exempt employees for all hours worked and work performed each workweek, including at an overtime rate of pay for each hour worked in excess of forty (40) hours in a workweek, by: (1) shaving time (via electronic

timeclock rounding) from said employees' weekly timesheets for pre-shift, in-shift, and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant; and (2) failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in said employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA.

3. Defendant's failure to compensate its hourly paid, non-exempt employees for compensable work performed each workweek, including at an overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

5. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

6. Plaintiff, Alexis Hart, is an adult female resident of the State of Wisconsin with a post office address of 21626 Olson Road, Franksville, Wisconsin 53126.

7. Plaintiff, Jeremy Hart, is an adult male resident of the State of Wisconsin with a post office address of 21626 Olson Road, Franksville, Wisconsin 53126.

8. Plaintiffs' Notices of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) were contemporaneously filed with the Complaint (ECF No. 1).

9. Defendant, Woodman's Food Market, Inc., is an entity incorporated in the State of Wisconsin with a principal office address of 2631 Liberty Lane, Janesville, Wisconsin 53545.

10. For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiffs, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

11. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

12. During the relevant time periods as stated herein, Defendant owned, operated, and managed grocery store locations in the States of Illinois and Wisconsin.

13. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs worked as an hourly-paid, non-exempt employees – Plaintiff Alexis Hart in the positions of Clerk and Cashier; and Plaintiff Jeremy Hart in the positions of Clerk and Supervisor – at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's Kenosha, Wisconsin store location.

14. Plaintiffs bring this action on behalf of themselves and all other similarly-situated current and former hourly-paid, non-exempt employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiffs performed similar job duties as other current and former hourly-paid, non-exempt employees in similarly-titled positions who work at, worked at, and/or were employed by Defendant at locations owned, operated, and managed by Defendant, and Plaintiffs and all other current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful compensation policies and practices as enumerated herein.

15. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant employed more than two (2) employees.

16. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's annual dollar volume of sales or business exceeded $500,000.

17. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant hired, terminated, promoted, demoted, and/or suspended Plaintiffs and all other hourly-paid, non-exempt employees.

18. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant supervised Plaintiffs' and all other hourly-paid, non-exempt employees' day-to-day activities.

19. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant reviewed Plaintiffs' work performance and the work performance of all other hourly-paid, non-exempt employees.

20. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established Plaintiffs' and all other hourly-paid, non-exempt employees' work schedules and provided Plaintiffs and all other hourly-paid, non-exempt employees with work assignments and hours of work.

21. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees similarly utilized Defendant's employment policies, practices, and/or procedures in the performance of their job duties.

22. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant oversaw, managed, and adjudicated Plaintiffs' and all other hourly-paid, non-exempt employees' employment-related questions, benefits-related questions, and workplace issues.

23. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant established the terms and conditions of Plaintiffs' and all other hourly-paid, non-exempt employees' employment.

24. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees for hours worked and/or work performed.

## GENERAL ALLEGATIONS

25. In approximately October 2023, Defendant hired Plaintiff Alexis Hart as an hourly-paid, non-exempt employee working in the positions of Clerk and Cashier at Defendant's Kenosha, Wisconsin store location.

26. In approximately the year 2021, Defendant hired Plaintiff Jeremy Hart as an hourly-paid, non-exempt employee working in the positions of Clerk and Supervisor at Defendant's Kenosha, Wisconsin store location.

27. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs performed compensable work at Defendant's direction, on Defendant's behalf, for Defendant's benefit, and/or with Defendant's knowledge at Defendant's Kenosha, Wisconsin store location.

28. During the entirety of Plaintiffs' employment with Defendant, Defendant compensated Plaintiffs on an hourly basis and/or with an hourly rate of pay.

29. During the entirety of Plaintiffs' employment with Defendant, Plaintiffs were non-exempt employee for purposes of the FLSA.

30. In approximately December 2025, Plaintiff Alexis Hart's employment with Defendant ended, and in approximately January 2025, Plaintiff Jeremy Hart's employment with Defendant ended.

31. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were employed by Defendant in hourly-paid, non-exempt job positions and performed compensable work on Defendant's behalf, with Defendant's knowledge, for Defendant's benefit, and/or at Defendant's direction at locations that were owned, operated, and/or managed by Defendant.

32. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees worked in excess of forty (40) hours per workweek.

33. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew or had knowledge that Plaintiffs and all other hourly-paid, non-exempt employees worked at or in excess of forty (40) hours per workweek.

34. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees on a weekly basis via check.

35. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA purposes was Sunday through Saturday.

36. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all current and former hourly-paid, non-exempt employees were subject to Defendant's same unlawful policy, practice, custom, and/or scheme of shaving time (via electronic timeclock rounding) from Plaintiffs' and all other hourly-paid, non-exempt employees' weekly

timesheets for pre-shift, in-shift, and post-shift hours worked and/or work performed, to the detriment of said employees and to the benefit of Defendant.

37. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiffs and all other hourly-paid, non-exempt employees with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses, incentives, awards, and/or other rewards and payments – on a weekly, bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

38. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendant provided to Plaintiffs and all other hourly-paid, non-exempt employees was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to said employees to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

39. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiffs' and all other hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA.

40. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees were subject to Defendant's same pay and timekeeping policies and practices.

41. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant tracked and/or recorded Plaintiffs' and all other hourly-paid, non-exempt employees' hours worked each workweek.

42. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained an electronic time-clock system (hereinafter simply "Defendant's electronic timekeeping system") that Plaintiffs and all other hourly-paid, non-exempt employees used on a daily basis for timekeeping and/or recordkeeping purposes.

43. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system on a daily basis for timekeeping and/or recordkeeping purposes.

44. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained employment records and other documentation regarding Plaintiffs and all other hourly-paid, non-exempt employees.

45. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for tracking and/or recording hours worked by Plaintiffs and all other hourly-paid, non-exempt employees.

46. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained a centralized system for compensating Plaintiffs and all other hourly-paid, non-exempt employees for all remuneration earned each workday and each workweek.

47. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees used Defendant's electronic

timekeeping system to "clock in" and to "clock out" of work each day at the beginning and end of their shifts, respectively.

48. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees performed compensable work immediately after "clocking in" via Defendant's electronic timekeeping system at the beginning of their shifts each workday.

49. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees performed compensable work immediately prior to "clocking out" via Defendant's electronic timekeeping system at the end of their shifts each workday.

50. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system were kept, stored, and/or retained by Defendant.

51. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock out" for (and to "clock back in" from) meal breaks each workday.

52. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and when Plaintiffs and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock out" for (and to "clock back in" from) meal breaks each workday, said employees performed compensable work immediately prior to "clocking out," and immediately after "clocking back in" from, their meal breaks each workday.

53. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Plaintiffs' and all other hourly-paid, non-exempt employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system recorded, reflected, and represented actual hours worked and work performed each workday and each workweek by Plaintiffs and all other hourly-paid, non-exempt employees. However, during the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each workday and each workweek.

54. Each workday during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant directed, expected, and/or required Plaintiffs and all other hourly-paid, non-exempt employees to arrive to work on Defendant's premises prior to their scheduled shift start times, to "clock in" via Defendant's electronic timekeeping system prior to their scheduled shift start times, and to commence work immediately after "clocking in" via Defendant's electronic timekeeping system and prior to their scheduled shift start times.

55. Each workday during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant directed, expected, and/or required Plaintiffs and all other hourly-paid, non-exempt employees to arrive to work on Defendant's premises and to commence work prior to their scheduled shift start times, otherwise face discipline by Defendant.

56. Each workday during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' normal, customary, or typical daily routine prior to their respective customary scheduled shift start times was to arrive to work at Defendant's Kenosha, Wisconsin store location, to "clock in" via Defendant's electronic timekeeping system, and immediately begin performing compensable work for the day.

57. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' normal or customary daily routine prior to their respective scheduled shift start times each workday as stated in the aforementioned paragraph(s) was similar, if not identical, for them and all other hourly-paid, non-exempt employees at all store locations owned, operated, and/or managed by Defendant – in that said employees typically and routinely arrived to work at Defendant, "clocked in" via Defendant's electronic timekeeping system, and commenced their work duties for the workday prior to their scheduled shift start times at the direction, expectation, and/or knowledge of Defendant.

58. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's compensation practice applicable to Plaintiffs and all other hourly-paid, non-exempt employees at the beginning of their shifts each workday was to round said employees' actual hours worked and/or work performed as recorded, reflected, and represented via its electronic timekeeping system forward to said employees' scheduled shift start times. For example, during Plaintiff Alexis Hart's employment with Defendant and on any given workday, if Plaintiff Hart arrived to work at Defendant and "clocked in" via Defendant's electronic timekeeping system at 8:25 a.m. for her 8:30 a.m. scheduled shift start time and immediately engaged in compensable work, Defendant did not compensate Plaintiff Hart for engaging in this work, instead rounding Plaintiff Hart's start time for compensation purposes forward to her scheduled shift start time of 8:30 a.m. Similarly, during Plaintiff Jeremy Hart's employment with Defendant and on any given workday, if Plaintiff Hart arrived to work at Defendant and "clocked in" via Defendant's electronic timekeeping system at 1:25 p.m. for his 1:30 p.m. scheduled shift start time and immediately engaged in compensable work, Defendant did not compensate Plaintiff Hart for engaging in this work, instead rounding Plaintiff Hart's start time for compensation

purposes forward to his scheduled shift start time of 1:30 p.m. Such a compensation practice in this regard was non-neutral and resulted in Defendant shaving time from Plaintiffs' and all other hourly-paid, non-exempt employees' timesheets each workday and each workweek for pre-shift hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system.

59. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), and when Plaintiffs and all other hourly-paid, non-exempt employees used Defendant's electronic timekeeping system to "clock out" for (and to "clock back in" from) meal breaks each workday, Defendant also failed to compensate said employees for work performed immediately prior to "clocking out," and immediately after "clocking back in" from, their meal breaks each workday. Such a compensation practice in this regard was non-neutral and resulted in Defendant shaving time from Plaintiffs' and all other hourly-paid, non-exempt employees' timesheets each workday and each workweek for in-shift hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system.

60. Each workday during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant directed, expected, and/or required Plaintiffs and all other hourly-paid, non-exempt employees to perform compensable work immediately prior to "clocking out" via its electronic timekeeping system after their scheduled shift end times.

61. Each workday during the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' normal or customary daily routine after their respective scheduled shift end times was to simply finish performing compensable work for the day, "clock out" via Defendant's electronic timekeeping system, and leave Defendant's premises.

62. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Plaintiffs' normal or customary post-shift activities or work performed each workday as stated in the aforementioned paragraph(s) was similar, if not identical, for them and all other hourly-paid, non-exempt employees – in that said employees typically and routinely finished their work duties for the workday immediately prior to "clocking out" via Defendant's electronic timekeeping system but after their scheduled shift end times, at the direction, expectation, and/or knowledge of Defendant.

63. During the three (3) years immediately preceding the filing of the Complaint (ECF No. 1), Defendant's compensation practice applicable to Plaintiffs and all other hourly-paid, non-exempt employees at the end of their shifts each workday was to round said employees' actual hours worked and/or work performed backwards to said employees' scheduled shift end times. For example, during Plaintiff Alexis Hart's employment with Defendant and on any given workday, if Plaintiff Hart engaged in compensable work after her scheduled shift end time of 5:00 p.m. but immediately prior to "clocking out" via Defendant's electronic timekeeping system at 5:05 p.m., Defendant did not compensate Plaintiff Hart for engaging in compensable work and rounded Plaintiff Hart's end times for compensation purposes backwards to her scheduled shift end time of 5:00 p.m. Similarly, during Plaintiff Jeremy Hart's employment with Defendant and on any given workday, if Plaintiff Hart engaged in compensable work after his scheduled shift end time of 10:00 p.m. but immediately prior to "clocking out" via Defendant's electronic timekeeping system at 10:05 p.m., Defendant did not compensate Plaintiff Hart for engaging in compensable work and rounded Plaintiff Hart's end times for compensation purposes backwards to his scheduled shift end time of 10:00 p.m. Such a compensation practice in this regard was non-neutral and resulted in Defendant shaving time from Plaintiffs' and all other hourly-paid, non-exempt employees'

timesheets each workday and each workweek for post-shift hours worked and/or work performed as recorded, reflected, and represented via Defendant's electronic timekeeping system.

64. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay policies and practices failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for work performed each workday as described herein despite Defendant having an actual and accurate record of said employees' pre-shift, in-shift, and post-shift hours worked and/or work performed via its electronic timekeeping system.

65. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees at the correct and lawful overtime rate of pay for all hours worked and work performed in excess of forty (40) hours in a workweek.

66. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant knew and/or was aware that its pay policies and practices failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees for all pre-shift, in-shift, and post-shift compensable work performed as described herein despite having a record of all hours worked and work performed each workday and each workweek via its electronic timekeeping system.

67. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiffs and all other hourly-paid, non-exempt employees for all hours actually worked and/or work performed each workday and each workweek, including at an overtime rate of pay for hours worked in excess of forty (40) in a workweek.

68. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to, on a daily

and/or weekly basis, compensate Plaintiffs and all other hourly-paid, non-exempt employees when compensable work commenced and ceased each workday.

69. Defendant was or should have been aware that its compensation policies in practice failed to compensate Plaintiffs and all other hourly-paid, non-exempt employees in the same or similar fashion for all hours worked and/or work performed each workday and each workweek, including at an overtime rate of pay for hours worked in excess of forty (40) in a workweek.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

70. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> All hourly-paid employees employed by Defendant within the three (3) years immediately preceding the filing of the Complaint, (ECF No. 1), who: used Defendant's electronic timekeeping system to record hours worked each workday; or received a form of compensation, such as a monetary bonus, incentive, award, and/or other reward and/or payment, during a workweek when said employees worked more than forty (40) hours during the representative time period that the form of compensation covered.

71. Plaintiffs and the FLSA Collective primarily performed non-exempt job duties each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

72. Plaintiffs and the FLSA Collective were compensated on an hourly basis (and not on a salary basis) each workweek and, thus, were legally entitled to overtime pay for all hours worked in excess of forty (40) in a workweek.

73. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant, as a matter of policy and practice, shaved time from the FLSA Collective's timesheets for all pre-shift, in-shift, and post-shift hours worked and/or work performed each

workday while "clocked in" via its electronic timekeeping system. These practices resulted in Plaintiffs and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

74. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiffs and the FLSA Collective with, in addition to an hourly or regular rate(s) of pay, other forms of non-discretionary compensation – such as performance-based and/or attendance-based monetary bonuses, incentives, awards, and/or other rewards and payments – on a weekly, bi-weekly, monthly, quarterly, annual, and/or ad hoc basis.

75. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), the monetary compensation that Defendant provided to Plaintiffs and the FLSA Collective was non-discretionary in nature: it was made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiffs and the FLSA Collective to encourage and/or reward their steady, rapid, productive, reliable, safe, consistent, regular, predictable, continued, and/or efficient work performance and/or hours worked.

76. During the three (3) years immediately preceding the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in Plaintiffs' and the FLSA Collective's regular rate(s) of pay for overtime calculation and compensation purposes during workweeks when said employees worked more than forty (40) hours during the representative time period.

77. The First and Second Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiffs on behalf of the FLSA Collective.

78. The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

79. Plaintiffs and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. Plaintiffs' claims as stated herein are the same as those of the FLSA Collective.

80. Plaintiffs and the FLSA Collective seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked at the correct and lawful overtime rate of pay each workweek, in violation of the FLSA.

81. Defendant was or should have been aware that its unlawful practices failed to compensate and deprived Plaintiffs and the FLSA Collective of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

82. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's locations in areas where postings are normally made.

83. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the putative FLSA Collective.

**FIRST CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages (Timeshaving)**
**(Plaintiffs on behalf of themselves and the FLSA Collective)**

84. Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

85. At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

86. At all times material herein, Defendant was an employer of Plaintiffs and the FLSA Collective as provided under the FLSA.

87. At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendant as provided under the FLSA.

88. Plaintiffs and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

89. Defendant violated the FLSA by suffering or permitting Plaintiffs and the FLSA Collective to perform work without being properly or lawfully compensated for each hour worked in excess of forty (40) hours each workweek. Specifically, Defendant's unlawful compensation practice shaved time from Plaintiffs' and the FLSA Collective's timesheets for all pre-shift, in-shift, and post-shift hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system. By failing to compensate Plaintiffs and the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiffs and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

90. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

91. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

92. Defendant's failure to properly compensate Plaintiffs and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

93. Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

94. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime Wages (Non-Discretionary Compensation)**
**(Plaintiffs on behalf of themselves and the FLSA Collective)**

95. Plaintiffs, on behalf of themselves and the FLSA Collective, reassert and incorporate by reference all paragraphs set forth above as if restated herein.

96. At all times material herein, Plaintiffs and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

97. At all times material herein, Defendant was an employer of Plaintiffs and the FLSA Collective as provided under the FLSA.

98. At all times material herein, Plaintiffs and the FLSA Collective were employees of Defendant as provided under the FLSA.

99. Plaintiffs and the FLSA Collective are victims of uniform compensation policy and practice in violation of the FLSA.

100. Defendant violated the FLSA by failing to account for and compensate Plaintiffs and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour worked in excess of forty (40) hours each workweek by failing to include all forms of non-discretionary compensation in Plaintiffs' and the FLSA Collective's regular rates of pay for overtime calculation purposes. By failing to compensate Plaintiffs and the FLSA Collective in such a fashion as described herein, this unlawful compensation practice denied Plaintiffs and the FLSA Collective overtime premium pay for each hour they worked in excess of forty (40) hours each workweek and for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

101. The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for

commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

102. Defendant was subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

103. Defendant's failure to properly compensate Plaintiffs and the FLSA Collective and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith and with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the FLSA Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiffs and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

104. Plaintiffs and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

105. Pursuant to FLSA, 29 U.S.C. § 216(b), successful plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and applicable regulations and as willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

e) Issue an Order directing Defendant to reimburse Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

f) Provide Plaintiffs and all other similarly-situated hourly-paid, non-exempt employees with other relief that the Court deems just and equitable.

**PLAINTIFFS DEMAND A JURY AS TO ALL TRIABLE ISSUES**

Dated this 6th day of October, 2026

WALCHESKE & LUZI, LLC
Counsel for Plaintiffs

s/ ***Scott S. Luzi***
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405
David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
1200 N. Mayfair Road, Suite 270
Wauwatosa, Wisconsin 53226
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail: sluzi@walcheskeluzi.com
E-Mail: dpotteiger@walcheskeluzi.com